

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:11-CR-13** |
| | § | |
| **JERRIET JONES** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Jerriet Jones, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #36) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on May 4, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On September 8, 2011, the Honorable Thad Heartfield sentenced the defendant after he pled guilty to the offense of felon in possession of a firearm, a Class C felony. The Court sentenced the defendant to 51 months imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, mental health aftercare, and a $100 special assessment. On January 30, 2015, Jerriet Damon Jones completed his period of imprisonment and began service of the supervision term.

.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.*

On April 4, 2016, Jerriet Jones admitted to using the illicit drug Ecstacy prior to his arrest for public intoxication.

### C. Evidence presented at Hearing

At the hearing, the Government proffered testimony from United States Probation Officer Robert White. USPO White would testify that as a condition of his supervision, Mr. Jones was prohibited from using a controlled substance unlawfully. He would further testify that Mr. Jones admitted to his probation officer that he had used Ecstasy on April 3, 2016. Mr. Jones also signed an admission form stating this on April 4, 2016, in the presence of Mr. White.

Defendant Jerriet Jones offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he unlawfully used Ecstasy in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using a controlled

substance.

If the Court finds that Mr. Jones violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

defendant committed a Grade C violation of his supervision conditions by using a controlled substance. The defendant knowingly and voluntarily pled true to the violation.

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. Jones pled true and agreed that he violated his supervised release, but he requested a modification of his conditions to include 3 to 6 months time in a halfway house to enable him to receive substance abuse treatment. He requested a "second chance," noting that the alleged violations solely stem from his substance abuse problems. He pointed out that all of his problems have been drug related, and argued that he is in the process of turning his life around. He candidly described the circumstances surrounding his admitted use of Ecstasy. He also stated that he is confident about his future and his ability to make changes, noting stable employment, a willingness to stay on supervision so that he can receive monitoring to aid in his drug treatment, and the fact that he has a baby on the way, to be born in December 2016.

In contrast, the Government argued for the revocation of Mr. Jones' supervision term, noting a history of violations during the past year in which he has been under supervision. The Government also proffered testimony from USPO White addressing Mr. Jones' alleged history of noncompliance, including his non-responsiveness to his probation officer's requests for him to report. Based on this background, the Government requested the revocation of his supervised release and the imposition of a ten (10) month prison term for that revocation.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release with the Grade C violation as stated *supra*. In reaching a decision on an appropriate sentence, the Court takes into account Mr. Jones' honesty about his situation and his apparent willingness to improve his life. At

the same time, there is an indication that he has been noncompliant a number of times but his probation officer worked with him, attempting to give him a second chance before seeking revocation. The applicable statute, 18 U.S.C. § 3583(e), and the Guidelines give the undersigned the authority to revoke the supervision term or modify in light of the violation. The evidence in this case indicates that Mr. Jones' probation officer did not find that a halfway house modification would be fruitful. The Court defers to the judgment of the probation officer in this case, given that he is the one who has worked with Mr. Jones for the past year. The undersigned has taken into account the sentencing factors under 18 U.S.C. § 3553(a), especially the history and characteristics of the defendant. At the same time, the Court does conclude that Mr. Jones has shown a genuine interest in taking responsibility for his actions and moving forward with his life. Based on the evidence, the Court therefore finds that a revocation is warranted, but a sentence at the lowest threshold of the Guideline range is appropriate.

Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the applicable sentencing factors, the totality of the circumstances, and the testimony presented, the undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **eight (8) months imprisonment** on the supervised release revocation, with no further term of supervision to follow in this case.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a

district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 5th day of May, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE